Jonathan L. Gerber (SBN 251219)
MILLER MILLER MENTHE, LLP
1500 Quail Street, Ste. 490
Newport Beach, CA 92662
(714) 450-3800
Email: jgerber@millermenthelaw.com

Attorneys for Plaintiff ARIC HENDRIX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIC HENDRIX,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>VANITY FAIR, INC., PHOTOFEST INC., CONDÉ NAST ENTERTAINMENT, LLC, HOWARD MANDELBAUM, and DOES 1-10, Inclusive,<br><br>　　　　　Defendants | Case No.: 2:17-cv-5759<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL<br>(F.R.C.P. Rule 38) |

　　　Plaintiff ARIC HENDRIX, ("Plaintiff") alleges against Defendants VANITY FAIR, INC. PHOTOFEST INC., CONDÉ NAST ENTERTAINMENT, LLC, and HOWARD MANDELBAUM and DOES 1-10 ("Defendants") as follows:

## THE PARTIES

1. Plaintiff is a resident of Los Angeles, California, and at all times relevant

hereto, the registered copyright holder of the photograph which forms the basis of this lawsuit.

2. Upon information and belief, Defendant VANITY FAIR, INC. ("VF") is a Delaware Corporation which is authorized to, and does business, in the State of California, County of Los Angeles. VF is one of the largest and well-respected publishers in the United States and throughout the world.

3. Upon information and belief, Defendant Photofest Inc. ("Photofest") is a New York corporation which is authorized to, and does business, in the State of California, County of Los Angeles. Upon information and belief, Defendant Howard Mandelbaum ("Mandelbaum") is the sole owner of Photofest. Mandelbaum and Photofest are in the business of licensing photographs to magazines.

4. Upon information and belief, Defendant Conde Nast Entertainment ("Conde") is New York limited liability company with is authorized to, and does business, in the State of California, County of Los Angeles.

5. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

## JURISDICTION AND VENUE

6. The present action arises under the Copyright Act, Title 17, Section 101, et seq., of the United States Code.

7. Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a).

8. Venue lies in the Central District of California under 28 U.S.C § 1391(a) and (b) and 28 U.S.C. Section 1400(a).

9. Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years and continuing to the date of this Complaint Defendants operate commercial businesses through which Defendants knowingly, systematically, and continuously transact business and enter into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district; and Defendants have engaged in intentional acts that willfully infringed or assisted in the infringement of Plaintiff's copyrights within California.

## FACTS COMMON TO CLAIMS OF RELIEF

10. Plaintiff is a collector of historical and celebrity photographs.

11. Among the items in Plaintiff's collection is a photograph and negative of Marilyn Monroe, which is the basis for this lawsuit. The photograph was taken at the famous celebration for the birthday of President John F. Kennedy on May 19, 1962 at Madison Square Garden where Marilyn Monroe sang "Happy Birthday Mr. President" (the "Photograph").

12. Plaintiff not only owns the Photograph, but he also acquired the underling copyright to the Photograph. The Photograph was properly registered with the United States' Copyright Office at all times relevant hereto.

13. In or around July 2016, Defendants began publishing the Photograph without the permission or consent of Plaintiff, and without giving proper copyright

credit to Plaintiff. (See Exhibit "1" attached hereto). One such publication was July 18, 2016 Vanity Fair Icons Special Collector's Edition Magazine entitled "Marilyn Monroe The Movies The Myths The Men" which was being sold for $13.99 dollars each. The photograph was illustrated on page 79, full page and the photograph copyright credit was given to Photofest (Attached hereto as **Exhibit "2"** are true and correct copies of this publications). Plaintiff is informed and believes that Defendants have sold hundreds of thousands of copies of this publication. According to published reports, as of June, 2016 VF had a circulation of 1,232,588 readers.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement Against All Defendants)

14. Plaintiff re-allege and incorporate by reference, as though set forth in full, paragraphs 1 through 13 above as though fully set forth herein.

15. Defendants have infringed Plaintiff's copyright in the Photograph by licensing and/or publishing the Photograph without the permission or authorization of Plaintiff.

16. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred significant financial damages.

17. Accordingly, Plaintiff is entitled to all of his actual damages incurred as well as all of Defendants' profits that are attributable to the infringement. Alternatively, Plaintiff is entitled to treble damages pursuant to 17 U.S.C. §504 et seq. Further, because Defendants did not give copyright credit to Plaintiff, and gave it to Photofest, Plaintiff's credibility and reputation have been seriously impacted. As a direct and proximate result of Defendants actions, Plaintiff has suffered direct injuries including a loss of respect with clients and the public because as a result of the false credits, people do not believe that Plaintiff is the copyright owner of the

Photograph.

18.  Defendants continue to infringe Plaintiff's copyrights and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. The amount of compensation which would afford adequate relief to Plaintiff for such injury will be difficult to ascertain. The wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial proceedings. Accordingly, Plaintiff's remedy at law is inadequate, and Plaintiff is entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged above.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained or will sustain by reason of Defendants' conduct, and to account for all gains, profits and advantages derived by Defendants from such conduct, but in no event less than $1,000,000.

2. Award Plaintiff his actual damages pursuant to 17 U.S.C. §1203(c)(2) or, in the alternative, statutory damages up to the maximum pursuant to 17 U.S.C. § 504, and 1203(c)(3), for Defendants violation of 17 U.S.C. §1202(a).

3. That all items which infringe Plaintiff's copyright be impounded surrendered up and forfeited to Plaintiff for destruction or other disposition.

4. That Defendants and Defendants' agents, servants, and employees, and each of them, and all persons acting in concert and participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter from infringing any and all of the copyrights in his photographs by, among other things, acquiring, copying, displaying manufacturing, distributing, licensing and selling Plaintiff's photographs.

5. That Defendants be required to take prospective measures to ensure that the credit for the photographs is fixed and that the public is informed that Plaintiff is the copyright owner to the Photograph.

6. That Defendants be required to pay to Plaintiff its attorneys' fees and costs incurred in connection with the prosecution of this action pursuant to 17 U.S.C. §1203; and

6. For such other and further relief as the Court deems appropriate.

DATED: August 3, 2017        MILLER MILLER MENTHE, LLP

By: /s/_____
    Jonathan L. Gerber
    Attorney for Plaintiff Aric Hendrix

### DEMAND FOR TRIAL BY JURY

Plaintiff Aric Hendrix pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demands trial by jury of all issues so triable in the present action.

DATED: August 3, 2017        MILLER MILLER MENTHE, LLP

By: /s/_____
    Jonathan L. Gerber
    Attorney for Plaintiff Aric Hendrix